UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL ALLAN BITER, TDCJ #01012208, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 3:19-0283 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Allan Biter is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding (Dkt. 1). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.   BACKGROUND

Biter is currently imprisoned at TDCJ's Terrell Unit. He is incarcerated based on convictions for robbery (Case No. F-023280-TN) and aggravated robbery (Case No. F-023287-TN) in Dallas County. *See* Offender Information Search, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited Aug. 28, 2019). His petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction at the Powledge Unit in disciplinary case number 20190101437 (Dkt. 1, at 5). Biter was punished by the loss of eight days of "good time" credits, a

reduction in custody status, and restrictions on contact visits, commissary, recreation, and phone use (*id*.).  He states that he is not eligible for release on mandatory supervision (*id*.).  He also states that he appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6).  He seeks to overturn the disciplinary conviction against him.

## II.     PRISON DISCIPLINARY PROCEEDINGS

Biter's habeas claims pertain to a disciplinary case at the Powledge Unit, which is in Anderson County in the Eastern District of Texas, Tyler Division.  *See* 28 U.S.C. § 124(c)(1).  This Court may hear Biter's petition because, at the time he filed his petition, he was incarcerated in Brazoria County, which is within the boundaries of the Galveston Division of the Southern District of Texas.  *See* 28 U.S.C. § 124(b)(1); 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015).  A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria:  (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2)

the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Biter cannot demonstrate a due process violation in this case because, as he admits in his petition, he is ineligible for mandatory supervision (Dkt. 1, at 5). Biter was convicted of aggravated robbery under Texas Penal Code § 29.03 and, as a matter of Texas law, this conviction renders him ineligible. *See* TEX. GOV'T CODE § 508.149(a)(12) (inmates serving a sentence for conviction under Texas Penal Code § 29.03 "may not be released to mandatory supervision"). This is fatal to his claims. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit. *See Malchi*, 211 F.3d at 957-58.

Although Biter's disciplinary conviction also resulted in a reduction of his classification, which can have a potential impact on the prisoner's ability to earn good time credit, the Fifth Circuit has held that this consequence is too attenuated to be protected by the Due Process Clause. *See id.* at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Moreover, the Fifth Circuit has held that sanctions affecting an inmate's privileges, such as those for recreation or commissary, are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Under these circumstances, Biter cannot demonstrate a due process violation and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

To the extent Biter seeks to bring a claim regarding a false or retaliatory disciplinary charge, the claim would properly be brought as a civil rights claim under 42 U.S.C. § 1983. *See*, *e.g.*, *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018); *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995); *Huff v. Thaler*, 518 F. App'x 311 (5th Cir. 2013). The Court declines to redesignate Biter's potential retaliation claim as a civil rights case because Biter would then be required to pay the $400 filing fee or, if granted leave to proceed *in forma pauperis*, to pay the filing fee in installments. Moreover, under the statute governing venue for civil rights claims, venue would be improper in this judicial district because the events giving rise to a potential civil rights claim took place in Anderson County in the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 1391(b) (a civil action may be brought in a judicial district in which the defendants reside or "a substantial part of the events or omissions giving rise to the claim occurred").[1]

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a

---

[1] Venue for a civil rights claim, such as a retaliation claim, is governed by a different statute than venue for habeas petitions. Biter originally filed his habeas petition in the Eastern District of Texas, Tyler Division, but his petition was transferred to this Court because, under the statute governing habeas proceedings, the court in Tyler lacked jurisdiction over the petition. *See* 28 U.S.C. § 2241(d) (a habeas petition may be filed in the district where the petitioner is in custody or the district within which he was convicted); *Wadsworth*, 235 F.3d at 961. However, a civil rights claim must be brought in the judicial district in which defendants reside or in which a substantial part of the relevant events occurred. 28 U.S.C. § 1391(b).

district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition filed by Michael Allen Biter is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 29th day of August, 2019.

_____
George C. Hanks Jr.
United States District Judge